IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-73-FL

| | |
|---|---|
| MARION EGLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| AMERICAN AIRLINES, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to dismiss counts I and III of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 12). Plaintiff has responded in opposition and defendant has replied. For the following reasons, the motion is GRANTED.

**STATEMENT OF THE CASE**

Plaintiff, a former employee of defendant, commenced this action on February 10, 2017, asserting that she was terminated due to disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"); that she was discriminated and retaliated against for exercise of her rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"); and that she was wrongfully discharged due to retaliation in violation of the Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-241 ("REDA"), and due to disability in violation of the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1, et seq. ("NCEEPA"). Plaintiff seeks declaratory and injunctive relief returning plaintiff to her prior position, as well as compensatory and liquidated damages.

Defendant moves to dismiss plaintiff's ADA claim (count I) on the grounds that it is untimely and the complaint fails to allege facts supporting the claim; and defendant moves to dismiss plaintiff's North Carolina common law claim (count III) on the basis that the complaint fails to allege facts providing relief under North Carolina law. The motion does not address plaintiff's FMLA claim. Plaintiff responded generally in opposition and specifically against dismissal of her North Carolina common law claim.

The court entered case management order on August 10, 2017, setting deadline for discovery on March 12, 2018, and deadline for dispositive motions on April 12, 2018.

**STATEMENT OF THE FACTS**

The facts alleged in the complaint, as pertinent to the instant motion, may be summarized as follows. Plaintiff is a female, born March 3, 1966, who had been employed by defendant over 25 years prior to her termination on February 11, 2015. Plaintiff most recently served in the position of Reservations Agent at the South Eastern Regional Office of defendant, at all times relevant to this action.

Plaintiff was absent from work for the following four time periods: November 2-5, 2014; November 17-22, 2014; December 17-24, 2014; and January 16-21, 2015. Plaintiff submitted FMLA Leave of Absence Certification forms, executed by her treating physician, to the appropriate medical department of defendant for these leaves of absence. Defendant approved these leave forms.

According to the complaint, "Plaintiff's medical conditions caused substantial limitations upon her major life activities within the meaning of ADA," and "Plaintiff has a history of having physical impairments which limit her major life activities." (Compl. ¶¶ 11-12). Also according to

2

the complaint, defendant regarded plaintiff as "having physical impairments that substantially limited her major life activities." (Id. ¶ 13).

While on leave, defendant asked plaintiff for additional documentation, and plaintiff secured proper documentation of her disability from her treating physician. Plaintiff further notified defendant that she intended to seek further medical treatment. According to the complaint, defendant falsely alleged that plaintiff had engaged in misrepresentation and dishonesty in her submissions of FMLA documents, which plaintiff categorically denies. Despite plaintiff's good faith attempts to rectify defendant's concerns about her FMLA documents, defendant terminated plaintiff. According to the complaint, in terminating plaintiff, defendant falsely accused her of improperly submitting FMLA documentation. Following the termination, plaintiff underwent major spinal surgery.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 4, 2015, and EEOC provided a notice of rights to sue on January 27, 2016.

**COURT'S DISCUSSION**

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider

"legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

1. ADA claim

The ADA "prohibits employers from 'discriminating against a qualified individual on the basis of disability in regard to the hiring, advancement, or discharge of employees.'" Gentry v. E. W. Partners Club Mgmt. Co. Inc., 816 F.3d 228, 236 (4th Cir. 2016) (quoting 42 U.S.C. § 12112(a)). "To establish a claim for disability discrimination under the ADA, a plaintiff must prove (1) that she has a disability, (2) that she is a 'qualified individual' for the employment in question, and (3) that her employer discharged her (or took other adverse employment action) because of her disability." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 572 (4th Cir. 2015) (internal quotations omitted). "'Disability' is defined by the ADA as 'a physical or mental impairment that substantially limits one or more major life activities.'" Id. (quoting 42 U.S.C. § 12102(1)(A)).

In this case plaintiff's ADA claim fails because she has not alleged sufficient facts permitting an inference that she has a disability or that defendant discharged her because of disability. First, in describing plaintiff's condition, the complaint parrots the language of the statute, stating, for example, "[p]laintiff's medical conditions caused substantial limitations upon her life activities within the meaning of ADA." (Compl. ¶ 11; compare 42 U.S.C. § 12102(1)(A)). Plaintiff has not alleged what those medical conditions were, what limitations were caused by them, or what life activities substantially were limited by them. Merely reciting the language of the statute is insufficient to meet the pleading requirement. See Iqbal, 556 U.S. at 663; Nemet, 591 F.3d at 255.

Plaintiff's additional statement in the complaint that she "underwent major spinal surgery," (Compl. ¶ 24), following her termination, also is insufficient to raise the claim above the speculative level. This allegation does not provide a sufficient factual basis to infer the nature of plaintiff's limitations prior to her termination, or whether and in what respect they substantially limited a major life activity.

Second, plaintiff has failed to allege facts permitting an inference that defendant discharged plaintiff due to her disability. Rather, plaintiff alleges in the complaint that defendant discharged plaintiff by falsely accusing her of improperly submitting FMLA documentation. (Compl. ¶ 23). Further, having not alleged with particularity the alleged nature of plaintiff's disability, the court is left to speculate on any causal connection between defendant's reasons for terminating plaintiff and a generally alleged "disability." (Compl. ¶ 28). Again, plaintiff couches her claim in the language of the statute, stating only that defendant terminated her "because of her status as a qualified individual with a disability, her history of disability, and her being regarded as having a disability." (Id.). Plaintiff alleges no facts to raise this claim above the speculative level.

Therefore, plaintiff's ADA claim must be dismissed without prejudice for failure to allege facts supporting the elements of the claim. Where the court determines plaintiff has failed to state an ADA claim on this basis, the court does not reach defendant's alternative argument that plaintiff's ADA claim is untimely.

2. North Carolina law

In her complaint, plaintiff asserts a North Carolina common law wrongful discharge claim based upon retaliation in violation of REDA and based upon discrimination in violation of public policy under NCEEPA. The court will address each in turn.

a. REDA

REDA prohibits "retaliatory action against an employee because the employee in good faith does or threatens to" file a claim or complaint related to workers compensation, occupational health and safety, and other enumerated statutory rights. N.C. Gen. Stat. § 95-241. Here, plaintiff does not allege any facts permitting an inference that she engaged in conduct protected by REDA. Nor does she identify in opposition to the instant motion any statutory rights exercised under REDA. Accordingly, Plaintiff's claim under REDA must be dismissed for failure to state a claim.

Moreover, REDA provides that "[a]n employee may only bring an action under this section when [s]he has been issued a right-to-sue letter by the [state] Commissioner [of Labor]." N.C. Gen. Stat. § 95-243. Where plaintiff does not allege issuance of a right to sue letter, and where the statute expressly mandates such a letter as a prerequisite to suit, plaintiff's REDA claim also must be dismissed on this independent basis. See, e.g., Williams v. Tillman, 229 N.C. 434, 435 (1948) (noting that failure to comply with "mandatory" statutory requirements deprives the court of jurisdiction); Hopkins v. Hopkins, 132 N.C. 22, 43 S.E. 508, 508 (1903) (same); cf. In re D.S., 364 N.C. 184, 194 (2010) (stating that statutory requirements which are "directory, rather than mandatory" are "not jurisdictional").

Plaintiff cites Commissioner of Labor of N. Carolina v. House of Raeford Farms, Inc., 124 N.C. App. 349, 354 (1996), for the proposition that REDA timelines are neither "jurisdictional" nor "mandatory." House of Raeford Farms, however, did not address the statutory requirement at issue here. There, the North Carolina Court of Appeals observed that REDA "fails to provide a consequence for the Commissioner's failure to comply with the 90–day period given to make a determination about a complaint," and thus, the court held, "this statutory time period is of a

directory, not jurisdictional nature." Id. at 356 (emphasis added). The court did not address, however, the mandatory pre-requisite in REDA for filing suit, namely that "[a]n employee may only bring an action under this section when [s]he has been issued a right-to-sue letter by the [state] Commissioner [of Labor]." N.C. Gen. Stat. § 95-243. Accordingly, House of Raeford Farms is inapposite.

In sum, plaintiff's state law claim asserted under REDA must be dismissed for failure to state a claim upon which relief can be granted.

      b.     NCEEPA

Plaintiff asserts a common law claim for wrongful discharge in violation of public policy against "discrimination" in employment actions. (Compl. ¶ 35). NCEEPA states that it is the public policy of North Carolina to safeguard the right of "employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap . . . ." N.C. Gen. Stat. § 143-422.2 . Although the North Carolina Supreme Court has not addressed application of this statute in the context of disability discrimination, some courts including this one in the past have interpreted NCEEPA to provide a basis for a common law wrongful discharge claim based upon discrimination due to disability. See, e.g., Sidhu v. Cancer Centers of N. Carolina, P.C., No. 5:12-CV-603-FL, 2013 WL 2122958, at *4 (E.D.N.C. May 15, 2013) (collecting federal cases recognizing same).

The North Carolina Supreme Court has looked to federal decisions and standards for evaluating claims of discrimination premised upon NCEEPA. See N. Carolina Dep't of Correction v. Gibson, 308 N.C. 131, 136 (1983). Accordingly, in this case, for the reasons stated above regarding plaintiff's federal ADA claim, plaintiff has failed to allege facts giving rise to a plausible

7

inference that defendant discriminated against plaintiff due to disability. Thus, plaintiff's claim under NCEEPA must be dismissed for failure to state a claim.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 12) is GRANTED. Plaintiff's claims under the ADA (count I) and North Carolina law (count III) are DISMISSED WITHOUT PREJUDICE. Plaintiff's FMLA claim (count II) remains.

SO ORDERED, this the 21st day of February, 2018.

LOUISE W. FLANAGAN
United States District Judge