IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-73-FL

| | |
|---|---|
| MARION EGLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER ON BILL OF COSTS** |
| AMERICAN AIRLINES, INC., | ) ) ) |
| Defendant. | ) |

This matter is before the clerk on the unopposed motion for bill of costs [DE-44] filed by defendant American Airlines, Inc. Plaintiff has failed to respond in opposition to the motion. For the reasons set forth below, the motion is GRANTED in part.

## BACKGROUND

On February 21, 2019, the court granted defendant's motion for summary judgment [DE-42]. The clerk entered judgment in favor of defendant that same day [DE-43]. Defendant timely filed a motion for bill of costs on February 22, 2019 [DE-44].

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No.

5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendant seeks recovery of $1,955.75 in fees to transcripts necessarily obtained for use in the case, pursuant to 28 U.S.C. § 1920(2).

Defendant's request for fees for the transcripts necessarily obtained for use in the case, however, includes fees for exhibit copies and shipping and handling. This court has construed 28 U.S.C. § 1920(2) and Local Civil Rule 54.1 as not encompassing those charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Accordingly, defendant's request for transcript fees is granted in part, and defendant's fees in the amount of $1,854.20 is taxed pursuant to 28 U.S.C. § 1920(2).

## CONCLUSION

In summary, defendant's motion for costs [DE-44] is GRANTED in part. Total costs in the amount of $1,854.20 are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This the 25 day of August, 2019.

Peter A. Moore, Jr.
Clerk of Court

2